UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH RIVERA, : | |
|       Petitioner, : | |
| : | PRISONER |
| v. : | Case No. 3:06cv315 (SRU) |
| : | |
| WILLIAM WILLINGHAM, : | |
|       Respondent. : | |

RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Elizabeth Rivera ("Rivera"), currently is confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury").  She brings this petition pursuant to 28 U.S.C. § 2241 challenging the Federal Bureau of Prisons ("BOP") policy stating that inmates are eligible for Community Correctional Center ("CCC") placement for the lesser of ten percent of their sentence or six months.  The respondent argues that the court should deny the petition because the specific policy Rivera is challenging has been superceded, Rivera lacks standing and her claim lacks merit.  The court concludes that Rivera lacks standing and, therefore, the petition is denied.

I.      Background

In January 2005, Rivera pled guilty to a charge of conspiracy to transfer false identity documents.  She was sentenced to a term of imprisonment of twenty-six months.  Rivera is scheduled to be released on June 26, 2007.

Rivera commenced this action by petition dated February 26, 2006.  She challenges the validity of BOP's December 2002 policy which interprets 18 U.S.C. §§ 3621(b) and 3624(c) to limit an inmate's eligibility for CCC placement to the lesser of ten percent of her sentence or six

months.

II.     Standard of Review

In general, "[t]he power of the federal courts to grant writs of habeas corpus is derived from 28 U.S.C. § 2241, which provides that any federal court may grant the writ to any person restrained within its jurisdiction . . . ." Pinkney v. Keane, 920 F.2d 1090, 1093 (2d Cir. 1990), cert. denied, 501 U.S. 1217 (1991).  Relief pursuant to this provision may be afforded where a prisoner is "held in custody in violation of the Constitution or laws or treaties of the United States." Rosado v. Civitelli, 621 F.2d 1179, 1197 n.36 (2d Cir.), cert. denied, 449 U.S. 856 (1980).  "[T]he equitable principles governing [section 2241 are] reflected in the plenary discretion vested in habeas courts to 'hear and determine the facts, and dispose of the matter as law and justice require.'" Pinkney, 920 F.2d at 1093 (citation omitted).

III.    Discussion

Because Rivera challenges policies that relate to the place of her confinement rather than the imposition of her sentence, the petition is properly brought pursuant to 28 U.S.C. § 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001); see also Cohn v. Federal Bureau of Prisons, 302 F. Supp. 2d 267, 270 (S.D.N.Y. 2002) (holding that challenge to CCC placement policy is cognizable in section 2241 action).  The respondent argues that Rivera's claim is moot because the policy she specifically challenges has been superceded, and that she lacks standing to challenge the current policy because her petition is premature.  The respondent also argues that the policy should be upheld.

    A.      Exhaustion of Administrative Remedies

As an initial matter, the court notes that before filing a petition for a writ of habeas corpus

in federal court, a federal inmate is required to exhaust administrative remedies.  See, e.g., Carmona, 243 F.3d at 634.  Where exhaustion would be futile, however, the court may waive the exhaustion requirement.  See McCarthy v. Madigan, 503 U.S. 140, 148 (1992) (holding that if agency has predetermined the issue or does not have discretion to grant relief, exhaustion may be excused as futile); Evans v. Willingham, 413 F. Supp. 2d 155, 157 n.1 (D. Conn. 2006) (determining that attempting to exhaust administrative remedies would be futile and excusing exhaustion requirement in suit challenging BOP policy regarding CCC placement).

Rivera conceded in her petition that she did not exhaust her administrative remedies and the respondent has provided evidence confirming this fact.  The issue in this case, however, is the same issue raised in Evans.  Thus, the court excuses Rivera's failure to exhaust her administrative remedies before filing this action.

B.     Mootness

Rivera specifically challenges the BOP's December 2002 policy regarding the designation of inmates to CCC confinement.  In February 2005, however, that policy was replaced by new rules set forth at 28 C.F.R. § 570.20-21.  Because the 2002 policy is no longer in effect, any challenge to that policy is moot.  See Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982) (stating that once regulation has been superceded, any challenge to that regulation becomes moot); Yip v. Federal Bureau of Prisons, 363 F. Supp. 2d 548, 551 (E.D.N.Y. 2005) (holding that enactment of February 2005 regarding CCC placement policy rendered moot inmate's challenge to December 2002 policy).

Because Rivera is proceeding *pro se*, the court will construe the petition as challenging

the February 2005 policy.[1]

    C.    Standing

The respondent argues that the petition is premature and Rivera lacks standing because she was not eligible for CCC placement or consideration at the time she filed this petition.

        1.    BOP Policy Regarding CCC Placement

The BOP designates the place of incarceration for each federal prisoner and is authorized to ease the transition back to the community. See 18 U.S.C. §§ 3621(b) & 3624(c). The transition is accomplished by having an inmate "spend a reasonable part, not to exceed six months, of the last 10 per centum of the term" in a CCC. 18 U.S.C. § 2624(c).

Prior to December 2002, the BOP regularly assigned inmates to a CCC for up to six months. In December 2002, however, the Department of Justice Office of Legal Counsel issued a memorandum stating that section 3621 did not afford the BOP the authority to assign an inmate to CCC placement at any time during the inmate's sentence. In reliance on the memorandum, the BOP began limiting CCC placements to the shorter of six months or the last ten percent of an inmate's sentence. See Evans, 413 F. Supp. 2d at 158.

In 2005, after several Courts of Appeal concluded that the December 2002 policy was unlawful, the BOP proposed new regulations. Those regulations, effective February 2005, acknowledged that the BOP has the authority, pursuant to section 3621 to place an inmate in a CCC at any time, but categorically declined to exercise that discretion. The February 2005 policy, subject to certain exceptions, is to designate an inmate for CCC placement only for the last ten percent of the sentence and not for more than six months.

---

[1] The respondent does not object to this approach. See Response, Doc. #6, at 6.

    2.  Constitutional Standing

The respondent argues that Rivera lacks Article III standing because she has not yet suffered an injury.

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the court considers the doctrines of standing, ripeness and mootness. See Ellis v. Tribune Television Co., 443 F.3d 71, 80 (2d Cir. 2006). The most important of these doctrines is standing. See Allen v. Wright, 468 U.S. 737, 750 (1984). To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Id. at 751. The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,'" not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted).

A determination of standing is based on the facts at the time the action is filed. See Hargrave v. Vermont, 340 F.3d 27, 34 n.7 (2d Cir. 2003) (citations omitted). The respondent has provided a copy of the BOP Program Statement, No. 7310.04, regarding CCC placement procedures. Paragraph 12 provides that the initial staff review for CCC placement occurs between eleven and thirteen months prior to the inmate's release date. See Response Ex. C at ¶ 12. Because Rivera is scheduled to be released on June 26, 2007, her initial review and any recommendation regarding CCC placement would ordinarily be made in June or July 2006. Thus, when she filed her petition, in February 2006, no determination regarding Rivera's CCC placement had been made. See Affidavit of Patrick Ward, Doc. #6, Ex. A (stating that no recommendation regarding CCC placement for Rivera had been made as of March 22, 2006).

Nor was it then apparent that the BOP would not grant Rivera the maximum statutorily authorized period of six months' CCC placement. Accordingly, Rivera lacked Article III standing at the time she filed this petition. See Sanders v. Sanders, 2006 WL 751281, at *4 (E.D. Ark. Mar. 21, 2006) (dismissing as premature and lacking standing petition challenging CCC placement policy where policy has not been applied to inmate); Allen v. Federal Bureau of Prisons, 2006 WL 20527 (D.N.J. Jan. 3, 2006) (dismissing petition as premature because inmate had not yet been reviewed for CCC placement even though Third Circuit has ruled that February 2005 policy is unlawful).

IV.   Conclusion

The petition for writ of habeas corpus [**doc. #1**] is **DENIED** without prejudice. Because the petitioner has failed, at this time, to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See Lucidore v. New York State Div. of Parole, 209 F.2d 107, 112 (2d Cir.), cert. denied, 531 U.S. 873 (2000). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 18th day of July 2006, at Bridgeport, Connecticut.

                        /s/ Stefan R. Underhill
                            Stefan R. Underhill
                            United States District Judge